The Electric Materials Company v. Commissioner.
Electric Materials Co. v. Commissioner
Docket No. 54922.
United States Tax Court
T.C. Memo 1957-160; 1957 Tax Ct. Memo LEXIS 90; 16 T.C.M. (CCH) 698; T.C.M. (RIA) 57160; August 16, 1957
*90 William F. Illig, Esq., Masonic Building, Erie, Pa., for the petitioner. C. R. Marshall, Esq., for the respondent. MURDOCK
Memorandum Opinion MURDOCK, Judge: The mandate of the Court of Appeals for the Third Circuit requires a decision of the question of whether the disallowance of a base period abnormality deduction for a 1946 abandonment loss must be rejected because of the provisions of section 433(b)(10)(C)(i). That provision is that: "Deductions of any class shall not be disallowed under such paragraph unless the taxpayer establishes that the increase in such deductions - "(i) is not a cause or a consequence of an increase in the gross income of the taxpayer in its base period or a decrease in the amount of some other deduction in its base period, which increase or decrease is substantial in relation to the amount of the increase in the deductions of such class." See , rev'd (4-5-57). The facts have been stipulated, but in that stipulation no "gross income" figures are shown. The parties make no reference to the absence of gross income figures, and both discuss amounts shown as net sales. However, *91 it seems proper to conclude from the entire record that the deduction for the loss on abandonment was neither a cause nor a consequence of any increase in gross income of the taxpayer in its base period. It was anticipated that the change in the heating and power arrangements would decrease the cost of those items, but that did not prove to be the case and savings were not actually realized. Furthermore, it appears that such increase in "net sales" as occurred during the remainder of the base period was due largely, if not entirely, to an unrelated change, the increase in copper prices. The remaining question is whether the abnormal deduction on account of the abandonment was a cause or consequence of a decrease in the amount of some other deduction in the base period. The elimination of the basis for the heat and power items by the allowance of the abandonment deduction took that item out of the depreciation schedule and was the cause of a decrease in the amount of the deduction for depreciation. However, neither party makes any point of this circumstance, and since the parties have failed to develop it the Court will not try to determine whether or not it comes within section 433(b)(10)(C)(i). *92 The deduction for abandonment involved both heat and power, and any consideration of whether it might have been the cause or consequence of a decrease in some other deduction should include consideration of both items. Actually, the deductions incident to heat and power, to which the petitioner was entitled, increased during the last three years of the base period as compared to the year 1946 so there was no decrease in the amount of such other deductions during the base period which might be related to the abandonment deduction. The petitioner has successfully refuted all of the arguments advanced by the Commissioner under section 433(b)(10)(C)(i) and has sufficiently supported its refutation by reference to the stipulated facts. The holding on the only issue litigated must now be for the petitioner. Decision will be entered under Rule 50.